[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Andrew J. Pires, brought suit, individually and through his parent, Anna Marie Pires, against the defendants, Pablo Otero, Jr., and Dufour Transportation, a/k/a, and its driver, Mario DiLorenzo, for injuries sustained when he was struck by an automobile operated by the defendant, Pablo Otero, on October 30, 1995. The accident occurred at the intersection of Reiner Drive and Wigwam Drive in the City of Bridgeport.
The case was tried before this court over two days and, at the conclusion of the evidence, this court found in favor of the plaintiffs, although it also found that the plaintiff child, Andrew Pires, was 15% comparatively negligent. The court further found that the bus driver and his employer, Dufour, was not negligent and directed a verdict in their favor. The parties had previously stipulated that as a result of the injuries sustained by the child, medical bills totaling $35,187.58 had been incurred for his treatment and injuries. The parties also agreed that there was no collateral source offset as all of the bills had to be paid.
A review of the medical reports together with the testimony at trial revealed that the plaintiff child had sustained a fracture of the left femur necessitating his confinement at St. Vincent's Medical Center in Bridgeport from October 30, 1995 until November 21, 1995. The plaintiff was placed in a skeletal traction with a traction pin and, on November 20, he was brought to the operating room for removal of the traction pin and placed in a hip spica cast. He was discharged from the hospital on November 21, 1995.
At the time of the accident, the plaintiff, Andrew Pires, was nine years old, in second grade, and attending Booth Hill School. His major medical care was provided by Dr. Peter Boone and Dr. Eric Garver. The plaintiff child testified that during his confinement at the hospital, he was unable to sleep and could not go to the bathroom and he had severe pain and nightmares resulting from his injuries. The child remained in CT Page 8620 this cast up to Christmas of 1995 and was given crutches thereafter. He returned to school in February of 1996 using a wheelchair and resumed his participation in sports, especially soccer in the Fall of 1996.
The testimony revealed that he has always been an avid soccer participant and presently at age 16 continues to play this sport in a premier league. The plaintiff testified that due to his injury, he has not enjoyed a complete recovery and that he cannot run as fast and has not developed to be as outstanding a soccer player as he would have been without this injury.
He was last seen by Dr. Shanley on March 13, 2002 and Dr. Shanley reported: "He still has occasional discomfort in the knee . . . I can't explain why he has this discomfort, particularly when running. Examination of the knee is also within normal limits. . . . The patient was so advised that his complaints are mainly subjective. . . ."
Accordingly, this court finds that the plaintiff child has only a minimal disability based purely on his occasional discomfort and pain. The court also observed that he has very minor scars of his left leg. For these reasons, this court awards the plaintiff child, Andrew Pires, non-economic damages of $165,000 less the 15% comparative negligence, for a net noneconomic recovery of $140,250. Accordingly, based on the stipulated economic damages of $35,187.58 less 15% comparative negligence, the plaintiff mother, Anna Pires, is awarded economic damages of $29,909.44, together with costs of suit.
The Court
 By ___________________ Grogins, J.